IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CIVIL ACTION FILE NO.   1:12-CV-03536-SCJ

----------------------------------------×

ONEBEACON AMERICA INUSURANCE COMPANY,
a Massachusetts Corporation, as
subrogee of GWINNETT CLEAN & BEAUTIFUL,
a Georgia Corporation,


                    Plaintiff,

v.

D&C FIRE PROTECTION, INC.,
a Georgia Corporation,


                    Defendant.

----------------------------------------×




DEPOSITION OF DANIEL L. ARNOLD, P.E., FSFPE

                Atlanta, Georgia

                May 24, 2013




Reported by:

JoRita B. Meyer, RPR, RMR, CRR, CCR

Job No. 1024893

1    A.    Presumably at some point through

2  the -- the fire was extinguished by the actions

3  of the Gwinnett Fire Department and/or it was

4  over.

5    Q.    Okay.

6    A.    I mean, the building didn't burn

7  down, if that's what you're asking.

8    Q.    Well, take a look at Exhibit 3 here.

9  I'm looking at a bunch of charred ceiling

10  there, right, in the upper left-hand?

11    A.    Yes.  Well, there was some -- there

12  was -- a portion of the ceiling in the

13  otherwise uninsulated structure was provided

14  with thermal and spray-on thermal insulation

15  over the area where the -- the general area

16  where the workers did their picking.  And some

17  of that insulation had flaked off.  Much of it

18  remained unburned and was smoke-damaged, and

19  some of it eventually was scraped off and

20  replaced.

21    Q.    But you agree with me that the fire

22  reached the ceiling?

23    A.    No.

24    Q.    Okay.

25    A.    I don't know what you mean by "fire."

1    The heat reached the ceiling, because we had
2    120 sprinklers opening.
3         Q.    Okay.
4         A.    So certainly we had sufficient heat
5    to reach the ceiling.
6         Q.    Okay.
7         A.    And we also had the products of
8    combustion from an unsuppressed fire involving
9    waste, including plastics and rubber belts,
10   which is very dark, smoky products of
11   combustion, which would have been the reason --
12   what your calling char, much of it is staining,
13   smoke staining, from the debris.
14        Q.    Okay.
15        A.    You can see in photograph -- this
16   photograph.
17            MR. POULOS:  Hold on a second.  I
18        don't know where we left off here.
19            MS. FULTZ:  We're on 10.
20            MR. POULOS:  On 10.
21            (Exhibit marked:  10)
22   BY MR. POULOS:
23        Q.    Yes, in photograph 10?
24        A.    Shows the amount of thermal damage,
25   not -- the insulation is not consumed; it's not

 SENECA FIRE ENGINEERING, LLC

SUMMARY REPORT

FIRE SPRINKLER SYSTEM PERFORMANCE
BUILDING FIRE

GWINNETT CLEAN & BEAUTIFUL
4300 SATELLITE BOULEVARD
DULUTH, GEORGIA

Prepared by:

Daniel L. Arnold, P.E., FSFPE
Seneca Fire Engineering, LLC
1401 Johnson Ferry Road
Suite 136 - 400
Marietta, GA 30068

EXHIBIT 2
WIT: Arnold
DATE: 5/24/13
JoRita Meyer, RMR, CRR, CCR

Submitted to:

Ms. Karen D. Fultz, Esq.
Cozen O'Connor
SunTrust Plaza, Suite 2200
303 Peachtree St.
Atlanta, GA 30308

February 28, 2013

## Introduction

On October 6, 2011, a fire occurred at the Gwinnett Clean & Beautiful recycling facility located at 4300 Satellite Boulevard in Duluth, Georgia. The fire caused extensive damage to the structure and its contents. Origin and cause investigators determined that the fire was accidental and originated in a piece of machinery known as the Eddycurrent.

The recycling operation at Gwinnett Clean & Beautiful involves various process equipment and bins that are interconnected by conveyors at floor level and elevated above the plant floor. The Eddycurrent removes aluminum and other pieces of metal from the waste stream during recycling operations. The Eddycurrent itself is located above the plant floor at the end of one of the elevated conveyors. Selected photographs are provided in Appendix A.

A nominally 5-foot wide transfer conveyor located, in part, on a mezzanine structure traverses over the feed conveyor to the Eddycurrent. The fire originated at the Eddycurrent itself and spread to the obstructed area created by the overhead transfer conveyor. This obstructed area created by the transfer conveyor blocked the intended application of water from sprinklers at the ceiling level above which allowed the fire to spread unchecked to involve and heavily damage the conveyor belts and equipment in the obstructed area.

Gwinnett Clean and Beautiful was provided with an automatic fire sprinkler system intended to protect the entire recycling facility from fire in accordance with recognized codes and standards. The system was designed, installed, tested and inspected by D&C Fire Protection, Inc. (D&C) of Lithonia, Georgia.

The October 6, 2011 fire caused more than 120 ceiling level sprinklers to open and discharge water over more than 11,000 ft.² of the plant's floor area. This number of operating sprinklers far exceeds the design basis/assumption of approximately 15 sprinklers operating over a design area of 1950 ft². The ceiling sprinklers were 155° F, quick response sprinklers.

Seneca Fire Engineering, LLC was retained to review the circumstances of the fire at Gwinnett Clean & Beautiful with a focus on the performance of the installed fire sprinkler system. This Summary Report has been prepared to summarize the results of this review to date.

In preparing this report, I have reviewed certain currently available documents and information including drawings, reports, photographs, permits, inspection reports, codes and standards and other related documents. A listing of documents reviewed to date is provided in Appendix A. I also visited the loss site to inspect the sprinkler system and meet with plant representatives on October 17, 2011 and December 13, 2012.

The content of this report is based on my knowledge, education and experience in fire sprinkler system design and performance, fire protection engineering and related codes, standards and practices. A resume further describing my education, training and experience and a listing of prior testimony is provided as Appendix B.

The observations and opinions expressed are based on information reviewed to date. If additional or differing information becomes available, the opinions expressed may change as a result and the report amended or supplemented.

## Background

The Gwinnett Clean & Beautiful recycling facility was constructed in 2008/2009. The following provides a general timeline of the plant's design and construction based on documents available and reviewed to date.

- A building permit was issued by Gwinnett County for the facility on or about 9/19/08.
- Gwinnett Clean & Beautiful issued a Request for Pricing for a Fire Sprinkler System. This request for proposal included Project Specifications, a Scope of Work Narrative and Sprinkler System Design Considerations.
- In response to the Request for Pricing, D&C prepared a proposal dated 11/13/08 for the design and installation of a fire sprinkler system for the facility.

- Construction drawings dated 11/25/08 were issued for the facility. These drawings included the office areas as Phase 2A/2B and the Sorting/Bailing areas as Phase 3A/3B.

- D&C prepared drawings depicting the design of the fire sprinkler system for the entire facility dated 11/26/08.

- A Temporary Certificate of Occupancy (TCO) (pending Fire Marshal review) was issued on or about 12/17/08.

- On 12/19/08, D&C issued a Change Order Proposal for additional work on the sprinkler system installation including the addition of sprinklers under mezzanine extensions.

- On 1/7/09, the Fire Marshal issued a Temporary Use Permit authorizing the setup of equipment/machinery for test run per verbal directive on 12/17/08.

- Monthly updated TCO's issued by Gwinnett County from 1/17/09 to 8/17/09.

- A final Certificate of Occupancy (CO) was issued by Gwinnett County on 8/18/09.

- On 12/4/09, D&C conducted an annual inspection of the sprinkler system.

- On 12/7/10, D&C conducted an annual inspection of the sprinkler system.

During both the 12/4/09 and 12/7/10 inspection of the sprinkler system, D&C noted that there were "offices (added after installation of sprinkler system) ... not sprinklered and that four (4) sprinkler heads need to be added." As a result of this observation, D&C annotated on the respective inspection forms that the sprinkler system was not extended to all visible areas of the building. However, D&C did not identify the obstructions created by the transfer belt over the Eddycurrent and other obstructed areas present on the operating floor during their inspections.

Fire Sprinkler System

The sprinkler system designed and installed by D&C was a dry pipe system controlled by a Victaulic FireLock NXT dry valve. The system generally consisted of 4-inch feed and cross mains with 1-1/4 inch branch lines. As noted above, the sprinklers installed at the ceiling were ½-inch diameter (K = 5.6), 155° F, quick response sprinklers. System drawings prepared by D&C indicate a design density of 0.2 GPM/ ft.² over 1950 ft.² (Ordinary Hazard II).

The D&C proposal states that the system would consist of a "complete "dry pipe" sprinkler system for the Proposed New Facility in accordance with the plans, NFPA No. 13 and the local Fire Marshal." NFPA 13 is the *Standard for the Installation of Sprinkler Systems"* published by the National Fire Protection Association (NFPA). At that time, the 2002 edition of NFPA 13 was adopted and enforced by Gwinnett County and the State of Georgia. NFPA 13 provides the minimum requirements for the design and installation of automatic fire sprinkler systems.

The Scope of Work Narrative for the project (D&C00028) states that "the sprinkler system will need to cover the conveyor systems located on top of the mezzanine structures as well as the storage bin/Hopper areas located under the mezzanine structures."

NFPA 13, Chapter 8, *Installation Requirements*, details the requirements for proper spacing, location, and position of sprinklers. The fundamental principles for properly locating fire sprinklers include provisions that sprinklers must be installed throughout and must be positioned/located to provide satisfactory performance with respect to activation time and water distribution.

Section 8.5.5.3 contains some detailed requirements that address obstructions that prevent ceiling level sprinkler discharge from reaching the hazard below. Specifically, Section 8.5.5.3.1 states:

> *"Sprinklers shall be installed under fixed obstructions over 4 feet (1.2 m) wide such as ducts, decks, open grate flooring, cutting tables, and overhead doors."*

As noted above, the subject fire which initially started in the Eddycurrent spread to an area beneath a nominally 5-foot wide transfer conveyor that traversed the Eddy current feed conveyor. This created an obstructed area that prevented ceiling sprinkler discharge from reaching the hazard area below the transfer conveyor. Since the transfer conveyor was greater than 4-feet wide, sprinklers were required in this area per NFPA 13. However, there were no such sprinklers were installed in this area at the time of fire. Due to these missing sprinklers, the fire was allowed to continue to burn/spread within the concealed areas causing severe damage to the transfer belt and related equipment.

Subsequent to the fire, the Office of the Fire Marshal of Gwinnett County issued a Notice of Non-Compliance identifying this obstructed area (among others) as having inadequate sprinkler coverage per the requirements of NFPA 13 and required that additional sprinklers were installed.

In addition to the clear code compliance issue, the lack of sprinkler protection within the area beneath the transfer conveyor did not meet the scope of work narrative for the project which required that the sprinkler system cover all the conveyor systems located on top of the mezzanine structures.

Based on information currently available and my analysis to date, the lack of fire sprinklers under the nominal 5-foot wide transfer conveyor near the Eddycurrent as required by NFPA 13, the scope of work narrative and D&C's proposal was the principal cause which allowed the fire to spread from the Eddycurrent into the concealed area created by the transfer belt allowing extensive damage to the transfer belt and surrounding equipment. If fire sprinklers had been installed to protect the obstructed areas as required by applicable codes and the scope of work, it is likely that the damage resulting from this fire would have been limited to the Eddycurrent and its associated feed belt.

It was determined that the subject elevated transfer conveyor was installed concurrent with the original construction of the facility. It was not added after D&C's installation of the facility's sprinkler system. The existence of this transfer conveyor is shown on certain original design drawings dated 11/25/08 (Reference Drawing E1.0).

Additionally, the concealed fire that resulted from the non-sprinklered area beneath the transfer conveyor, in combination with the 155° F, quick response sprinklers were the likely cause for the excessive number of opened fire sprinklers at the ceiling.

Sprinkler System Inspections

Subsequent to receiving the Certificate of Occupancy (8/18/09), Gwinnett Clean & Beautiful retained D&C to conduct required annual inspections of the installed sprinkler system. These inspections are required by the Rules and Regulations of the Georgia Safety Fire Commissioner which state that such inspections shall be conducted in accordance with NFPA 25, *Standard for the Inspection, Testing, and Maintenance of Water-Based Fire Protection Systems."* D&C conducted these inspections on 12/04/09 and 12/7/10.

NFPA 25 requires that during these annual inspections all installed sprinklers be inspected from the floor level (Reference section 5.2.1.1). Specifically, NFPA 25, Section 5.2.1.2 states that unacceptable obstructions to the spray patterns of installed sprinklers shall be noted and corrected. Section A.5.2.1.2 explains that:

> *"... Obstructions that prevent sprinkler discharge from reaching the hazard include continuous or non-continuous obstructions that interrupt the water discharge in a horizontal plane...below the sprinkler deflector in a manner to limit the distribution from reaching protected hazard. Specific guidance for clearance and obstructions is found NFPA 13..."*

It is clear that NFPA 25 states that obstructions such as that created by the nominal 5-foot wide conveyors should have been identified during D&Cs inspections of the system and remedied prior to the subject fire. While D&C did identify one non-sprinklered area in the facility (4 sprinklers needed in an office area), they did not identify other numerous and obvious obstructions that existed in the plant area.

D&C's failure to identify the obstruction created by the transfer conveyor during their inspections was not consistent with the applicable rules and regulations and was a contributing factor to the obstructions being present at the time of the subject fire. As a result, this fire was allowed to spread to an obstructed area and cause related damage. If the need for these fire sprinklers to protect the obstructed areas had been identified during their inspections as required, the sprinklers could have been added (as was done post-fire) thereby likely limiting the fires damage to the Eddycurrent and its associated feed belt.

## Summary of Conclusions/Opinions

Based on my review and analysis to date, as described in more detail above, the primary cause for the inadequate sprinkler system performance and resulting damage in this instance was the failure to properly install fire sprinklers beneath the 5-foot horizontal obstruction created by the transfer conveyor near the Eddycurrent in accordance with the requirements of the scope of work for the project, associated design drawings, NFPA 13 and applicable codes and standards. Specifically, D&C failed to provide proper sprinkler coverage beneath required horizontal obstructions in the plant area. As a result, the fire was able to spread uncontrolled beneath these instructions causing increased damage and sprinkler system operation (excessive open sprinklers). Further, D&C failed to identify these areas during subsequent inspection of the system as required by NFPA 25 and applicable rules and regulations.

If any opinion expressed changes as a result of additional information, the report will be amended or supplemented as appropriate.

Prepared by:

Daniel L. Arnold, P.E., FSFPE

SUMMARY REPORT
FIRE SPRINKLER SYSTEM PERFORMANCE
GWINNETT CLEAN & BEAUTIFUL - BUILDING FIRE



General Area Showing Eddycurrent and Transfer Conveyor



Obstructed Area under Transfer Conveyor at Eddycurrent Feed

SUMMARY REPORT
FIRE SPRINKLER SYSTEM PERFORMANCE
GWINNETT CLEAN & BEAUTIFUL - BUILDING FIRE



Example Area under Transfer Conveyor
(Note: Sprinklers added after fire)



Example Area under Transfer Conveyor
(Note: Sprinklers added after fire)

## Appendix A

1. Documents produced by D&C Fire Protection, Inc.

2. Documents produced by Gwinnett County Arson & Explosives Unit, Department of Fire and Emergency Services and Gwinnett County Police Department

3. Notices of Non-Compliance (Post-Fire) issued by Gwinnett County Department of Fire and Emergency Services dated 10/6/2011

4. Various permit and certificate of occupancy documents

5. Specifications for Recycling Bank of Gwinnett dated August 18, 2008 prepared by Lindsay, Pope, Brayfield and Associates, Inc.

6. Sprinkler Plans, Recycling Bank of Gwinnett prepared by D&C Fire Protection, Inc. dated 11/26/08 (2 sheets)

7. Marked-up sprinkler plans prepared by D&C Fire Protection, Inc. showing sprinklers to be added beneath obstructed areas (prepared post-fire).

8. Various manufacturers technical product data information

9. Various NFPA codes, standards and other related documents including NFPA 13, *Standard for the Installation of Sprinkler Systems* and NFPA 25, *Standard for the Inspection, Testing and Maintenance of Water-Based Fire Protection Systems.*

10. Rules and the Regulations of the Safety Fire Commissioner (Chapter 120-3-3), *Rules and Regulations for the State Minimum Fire Safety Standards*

11. Field notes, sketches and photographs.

## Appendix B

### DANIEL L. ARNOLD, P.E., FSFPE

**EDUCATION:**

**University of Maryland**
Bachelor of Science in Fire Protection Engineering, 1980

**PROFESSIONAL EXPERIENCE:**

2001 - Present

**SENECA FIRE ENGINEERING, LLC**, Marietta, GA
Principal Fire Protection Engineer

Consulting fire protection engineer. Fire protection system design and evaluation. Building, fire and life safety code analysis, equivalencies and negotiations. Property fire protection condition surveys and audits. Fire investigation and litigation/expert support services.

1985 – 2001

**ROLF JENSEN & ASSOCIATES, INC.**, Atlanta, GA
Engineering Manager/Vice President

Design, evaluation and consulting fire protection engineering projects. Conceptual planning, design in inspection of fire protection systems including sprinkler, water supply, standpipe, fire alarm, detection and alarm systems. Consult on building code issues related to fire and life safety.

1983 – 1985

**BECHTEL CORPORATION**, Gaithersburg, MD
Fire Protection Engineer

Consulting engineer in areas of fire protection and mechanical engineering. Implemented fire protection requirements. Performed fire hazard analyses including ensuring compliance with regulatory requirements, postulating fire scenarios and the evaluation of general plant fire safety. Developed conceptual fire protection system design and reviewed existing systems for modifications.

1982 – 1983

**ROTHFUSS ENGINEERING CORPORATION**
Staff Fire Protection Engineer

Performed fire protection system surveys including as-built system walkdowns, acceptance tests, preparing operation and technical procedures, fire brigade training and fire pre-plan development. Designed fire protection systems including detailed drawing development, water supply system modifications and specifications.

| | |
|---|---|
| 1980 – 1982 | **BECHTEL CORPORATION**, Gaithersburg, MD<br>Systems Engineer |

Designed and specified fire protection systems including automatic sprinklers, fire pumps, water spray and deluge systems, standpipes, halon and fire alarm detection systems.  Provided technical guidelines in areas of fire barrier design including walls, floors/ceiling assemblies, fire doors, dampers and penetration seals as well as egress design and general life safety issues.

| | |
|---|---|
| 1980 | **UNIVERSITY OF MARYLAND**, Fire Protection Department<br>Student Research Assistant |

Involved in the expansion of the U.S. Fire Administration's Programmed Planning Guide.  Participated in the development of the final reports submitted to the USFA.

| | |
|---|---|
| 1974 – 1985 | **PRINCE GEORGES COUNTY, MD**<br>Firefighter |

Active volunteer firefighter in large combination department obtaining rank of Lieutenant.  Emergency apparatus operator including mobile fire pumps and aerial ladders.  Duties included commanding units and training recruits.

**PROFESSIONAL AFFILIATIONS:**

National Society of Professional Engineers, Member
American Council of Engineering Companies, Member
National Fire Protection Association, Member
Georgia Fire Inspector's Association
Society of Fire Protection Engineers, Fellow
    Board of Directors
    Southeastern Chapter, Executive Committee
        Southeastern Chapter, Past President
International Code Council (ICC)

**REGISTRATIONS:**

Professional Engineer

| Delaware | Tennessee | Indiana | Arkansas |
|---|---|---|---|
| Florida | North Carolina | Ohio | Virginia |
| Georgia | South Carolina | Texas | Washington |
| Alabama | Pennsylvania | Mississippi | |

Certificate of Competency – Georgia Fire Sprinkler Act
    Georgia Fire Safety Commissioner

| COMMITTEE MEMBERSHIPS: | |
|---|---|
| | NFPA 13, Technical Committee on Automatic Sprinkler System, Installation Criteria, Alternate Member (Former) |
| | NFPA 92A, Technical Committee on Smoke Management Systems, Principal Member (Former) |
| | Society of Fire Protection Engineers, Southeastern Chapter, Past President and Executive Committee |
| | Commission on Fire Safety and Preparedness, U.S. Department of Energy |

## SELECTED SEMINARS & SPECIAL COURSES ATTENDED:

"Basic and Intermediate Fire Fighting, Maryland Fire and Rescue Institute

Numerous short courses on various fire service subjects

"Foam Systems Seminar," National Foam

"Construction Scheduling Seminar," Maryland Society of Professional Engineers

"Fire Protection for Power Plants," Bechtel Power Corporation

""Enclosure Fire Hazard Analysis," Department of Fire Protection Engineering, University of Maryland

"Flashover Seminar", Society of Fire Protection Engineers.

## SELECTED TECHNICAL PAPERS, PUBLICATIONS AND SPEECHES:

"Computer Support System for the Programmed Planning Guide," United States Fire Administration, Watts, Arnold and Milke, 1981

"Emerging Technology and Fire Protection," Atlanta, Georgia, April 1991

"Sprinklers and Glazing," Society of Fire Protection Engineers, Southeastern Chapter, 1991.

"Fire Protection Systems Piping," *Piping Handbook*, 6th Edition, 1992

"Failure of a Sprinkler System: A Case Study," *Fire Protection Engineering,* Issue No. 21, Winter 2004

Suppression System Failures: Fire Conference, SFPE SE Chapter, 2005, 2010

### List of Testimony

**Daniel L. Arnold, P.E., FSFPE**
**through February 2013**

| | Action | Location |
|---|---|---|
| 1. | Eugene V. Fife and Lu Ann L. Fife v. Kiawah Island Utility, Inc., Kiawah Resort Associates, L/P. d/b/a Kiawah Resort Associates | Charleston, SC |
| 2. | Waretex Industries, LTD., et al. v. Town & Country, et al. State of South Carolina, County of Greenwood | Greenville, SC |
| 3. | Marc P. Malcuit, et al., v. SMD, Inc., et al. Circuit Court of Warren County, Kentucky | Warren Co., KY |
| 4. | ConAgra, Inc., v. Wilson Foods Corporation, Doskocil Companies, Inc., Normac Foods, Inc., and Thompson Builders of Marshall, Inc.; | Overland Park, KS |
| 5. | Revman Industries, Inc. v. Montgomery Industries, Inc., et al. Court of Common Pleas, Spartanburg Co., S.C. | Spartanburg, SC |
| 6. | Empire Distributors, Inc., et al v. Heaven Hills Distilleries, Inc. Jefferson Circuit Court, Division Two Jefferson County, Kentucky | Louisville, KY |
| 7. | Davis, as Administrator v. Pittway Corporation et. al. Dillard et al. v. Pittway Corporation et. al. Circuit Court of Etowah County, Alabama | Etowah Co., AL |
| 8. | Selig Enterprises, Inc. v. ADT Security Services, Inc.; Mid-Atlantic Security v. Stimsonite; U.S.D.C., N.D. Ga., | Atlanta, GA |
| 9. | Lowe's Home Centers, Inc. v. Olin Corporation U.S.D.C., M.D. Ga., | Albany, GA |
| 10. | Federal Insurance Company a/s/o Keystone Foods Corporation, v. Cagles, Inc; U.S.D.C., N.D. Ga., | Atlanta, GA |
| 11. | Central Synagogue; Wausau Business Ins. Co. v. Turner Construction Co., Aris Development, et al. | New York, NY |
| 12. | Pretzel's, Inc vs. Shambaugh & Sons, Inc., et al. State of Indiana, Wells Superior Court | Bluffton, IN |
| 13. | Darshin and Sandeep Kakaria v. Goodwin, Lamb, etc. Fifth Circuit Court for Davidson County, TN at Nashville | Nashville, TN |
| 14. | Mayflower Seafood Restaurant III, LLC vs. Whaley Food Service Repair, Superior Court for Rockingham County, S.C. | Madison, SC |

15.  Colonial Properties v. Lowder Construction Company          Macon, GA
     State Court of Bibb County, Georgia

16.  Lam Lee Group v. Fire Power Systems, Inc. and Scott & Reid   Dallas, TX
     General Contractors, District Court, Dallas County, TX

17.  Latoya Smalls v. Bread and Roses Hospitality, Inc, et. al.   Birmingham, AL
     Circuit Court of the 10th Judicial Circuit, Jefferson County, AL

18.  Bristol Brass & Copper, Inc. v. AppServ, Inc., et. al.       Bristol, TN
     U.S.D.C., Eastern District of Tennessee at Greenville

19.  Tennessee Hotel Associates v. R.H. Sinclair Co., et. al.     Memphis, TN
     Circuit Court for Blount County, Tennessee

20.  Kimberly Clark Corporation v. APL Logistics, et al.          Atlanta, GA
     Northern District of Georgia, Atlanta Division

21.  Colonial Properties v. Lowder Construction Co., et al.       Macon, GA
     State Court of Bibb County, Georgia

22.  Winter Construction Co. v. Safeway Fire Protection Co.       Atlanta, GA
     Northern District of Georgia, Atlanta Division

23.  Creative Fabricators, LLC v. S&S Sprinkler Co. LLC           Mobile, LA
     Eastern District, State of Louisiana

24.  Associated Grocers v. Americold, NPIC, et al.                Kansas, City, KS
     District Court of Wyandotte County, Kansas

25.  Hardware Imagination v. Tech-AeroFoam Products               Tampa, FL
     Circuit Court of 9th District, Orange County, FL

26.  Rock Tenn v. Commercial Piping, Metrolina Sprinkler, et al.  Charlotte, NC
     Superior Court, Union County, North Carolina

27.  Sterling Group v. Underwood Fire Equipment Company           Detroit, MI
     Circuit Court of Wayne County, Michigan

28.  Deere & Company v. Factory Mutual Ins. Co., et al.           Atlanta, GA
     District Court, 7th Judicial District, Scott County, Iowa    Davenport, IA

29.  Mt. Hawley and James River v. Pallet Consultants Corp.       Miami, FL
     District Court, Southern District of Florida

30.  Allstate Insurance Company v. Nationwide Sales, Inc.         Walton County, FL
     Shonda Harper and Joseph L. Wright

31.  Ruby Tuesday, Inc. of Griffin, GA v. M&B Exhaust             Spaulding Co., GA
     Services, LLC

32.   AGF Springcreek Coit II v. Metro Fire Protection                          Dallas County, TX
      44th District County of Dallas County, Texas

33.   Camden County v. Integrated Systems, Inc. and AFEX                        Camden Co., GA
      US District Court, Southern District of GA, Brunswick District

34.   Target Medical, Inc., Double B Investments v.                             Memphis, TN
      Gold Dust, Inc.
      Circuit Court of Tennessee, 30th Judicial District at Memphis

35.   Delta Mills, Inc. v. Picanol N.V. and IH Services, Inc.                   Charlotte, NC
      Court of Common Please, Greenville, NC

36.   Wayne Farms, et al. v. Crane Company, et al.                              Gainesville, GA
      Superior Court of Fulton County, Georgia

37.   Cincinnati Insurance a/s/o Mid-South v. CMW, Inc., et al.                 Annville, KY
      27th Judicial District, Jackson County Circuit County

38.   Hutchison v. McLaughlin Custom Builders v. RSI, Woodman                   Roswell, GA
      Insulation Co., Inc. and Tip Top Roofers Service Corp
      State Court of Fulton County, Georgia

40.   Nappy's of Florida, Inc. and FCCI Commercial                             Gainesville, FL
      Insurance Co. v. Gator Fire Extinguisher Company, Inc.
      8th Judicial Circuit, Alachua County, Florida

41.   Weyerhaeuser Co. LTD v. Magic Welding, ARON Services,                     Edmonton, AB
      G&M Heating and Plumbing, et al.
      Court of Queen's Bench of Alberta, Judicial District of Grand Prairie

42.   Vigilant Ins. Co. v. Turner Broadcasting System,                         Atlanta, GA
      Hi-Tech FX, LLC and Interior Fire Protection, Inc.
      Northern District Court of Georgia, Atlanta Division

43.   VIP Kids d/b/a Primrose School of Woodstock v.                            Atlanta, GA
      Worsham Sprinkler Co., Inc. Atlanta, GA
      and Roswell-Woodstock Plumbing, Inc.
      Superior Court of Gwinnett County, Georgia

44.   Royal Indemnity, et al. v. Crane Company, R&R Insulation,                 Atlanta, GA
      Crane Composites, Sequentia Incorporated, et al.
      Superior Court of Fulton County, State of Georgia

45.   Frame Art, Inc. v. Security Fire Prevention, Inc.                         Miami, FL
      Circuit Court of the 11th Judicial Circuit
      Miami-Dade County, Florida